

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**ROBERT HENRY BISNO,**<br><br>Debtor(s). | Case No.: 2:09-bk-33386SB<br><br>Adv. No.: 2:09-ap-02072SB<br><br>Chapter 7 |
| **ARTHUR D. ROBERTS et al.**<br><br>v.<br><br>**ROBERT H. BISNO et al.** | OPINION ON REMAND<br>TO STATE COURT<br><br>Date: September 2, 2009<br>Time: 11:00 a.m.<br>Ctrm: 1575<br>Floor: 15th |

## 1. INTRODUCTION

Debtor Robert H. Bisno ("Bisno") purports to have removed this adversary proceeding from the Alameda County Superior Court directly to this court. The issues before the court are (1) whether this court has jurisdiction over the removed proceeding in light of Bisno's failure to follow the proper removal procedures, and, if so, (2) whether this court may *sua sponte* remand the adversary proceeding to the Alameda County Superior Court.

The court holds that it has jurisdiction over the removed case, notwithstanding the direct removal to this court rather than to the Northern District of California, in which Alameda County is located. The court further holds that it has the power to remand the state court case *sua sponte* and that such remand is appropriate in this case.

## II. RELEVANT FACTS

Plaintiff George Miske ("Miske") filed a case against Bisno for fraud and deceit in the Alameda County Superior Court, which is located in the Northern District of California. The case went to trial before a jury on July 20, 2009.

1

On August 31, 2009, Miske completed his case in chief and rested. On the same day, Bisno filed this chapter 11[1] case in this court. Upon learning of the filing of the bankruptcy case, the superior court suspended its trial pending further order of this court.

On September 1, 2009, Bisno filed a notice of removal that purported to remove the state court action to this court and asserted that this court has jurisdiction over the removed action pursuant to 28 U.S.C. § 1334 (b)[2] and (e).[3] On the same day, Miske filed an emergency motion for relief from the automatic stay alleging that this bankruptcy case was filed in bad faith in that it was specifically designed to delay, hinder, or interfere with prosecution of the state court proceeding.

On September 2, 2009, the parties appeared before this court for a hearing on Miske's emergency motion for relief from the automatic stay. Miske cited the time and effort that the parties had already expended during the course of the state court proceeding. Miske also argued that the removal had already caused substantial prejudice to the parties, the jurors, and the state court.

However, at the time of the hearing on Miske's emergency motion no party had made a motion to remand the case to state court. Because the removal of the state court case to this court left no proceeding in state court, granting relief from the automatic stay could not permit the state court trial to proceed absent remand.

If the proper response to the removal of a state court case in the middle of a jury trial is to remand it to state court for completion of the trial, this decision must be made very quickly. The state court can only hold a jury for a few days before releasing it. Once a jury is released, it cannot be reconstituted and the case must be retried before a new jury. Thus, absent an immediate decision, the benefits of seven weeks of jury trial in the state court could not be saved.

It appears to this court that a decision to remand should not await a motion by a party to that action, even if made on shortened time or on an emergency basis. Thus the court must address whether it can remand the adversary proceeding *sua sponte* to the Alameda County Superior Court to allow that court to complete its jury trial.

For the reasons stated below, this court holds that it does have jurisdiction over the adversary proceeding and that it should remand the proceeding *sua sponte* to the Alameda County Superior Court.

### III. DISCUSSION

#### A. Statutory Provisions

Removal of a state court action to a bankruptcy court is governed by 28 U.S.C § 1452, which provides in relevant part:

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C.A. §§ 101-1532 (West 2009) and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

[2] 28 U.S.C. 1334(b) provides:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11 . . . .

[3] 28 U.S.C. § 1334(e) provides:

> The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction--
> (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and
> (2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

2

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Section 1334 is the jurisdictional statute for bankruptcy cases and related proceedings. Subsection (b) provides:

> [T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code].

See 28 U.S.C. § 1334(b) (Supp. 2009).

### B. Removal Procedure

Rule 9027 governs the procedure for removing a case to bankruptcy court, which is very similar to the procedure specified in 28 U.S.C. § 1446 for the removal of a state court case to federal district court. Removal is accomplished by the filing in the bankruptcy court of a verified application containing a short and plain statement of the facts that entitle the applicant to remove. The application must be accompanied by a copy of all process and pleadings filed in the state court. Promptly after filing the application (and a bond if required), the applicant is required to serve a copy of the application on all parties to the removed claim or cause of action.

The removal is effective upon the filing of a copy of the removal application (without the accompanying copy of all process and pleadings) in the court from which the action is removed. The parties are then enjoined from proceeding any further in that court unless and until a remand is ordered by the bankruptcy court. See, e.g., In re Princess Louise Corp., 77 B.R. 766, 768 (Bankr. C.D. Cal. 1987).

Where removal is from a state court to the bankruptcy court in the federal district where the state court is located, the removal petition is filed directly with the bankruptcy court. Removal is complete upon the filing of a notice of removal in the state court where the case was previously pending.

### C. Jurisdiction When Removal Is Made to an Improper District

Rule 9027(a)(1) specifies the place where a notice of removal is to be filed:

> A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending.

Pursuant to this provision, the proper place for Bisno to file his notice of removal of the Alameda County Superior Court action was with the clerk[4] of the Oakland Division of the Bankruptcy Court for the Northern District of California. Nonetheless, Bisno filed his notice of removal in the Los Angeles courthouse in the Central District of California where his bankruptcy case is pending.

Removal of a state court case to a bankruptcy court located in a federal district other than the district in which the state court is located is normally a two-step process. First, the removing party removes the state court case to the local bankruptcy court whose district encompasses the state court where the case is pending. Second, the removing party (or any other party in interest) files a motion in that bankruptcy court to transfer the removed case to the district where the relevant bankruptcy case is pending.

A recurring problem arises when a party (such as Bisno) tries to circumvent this general two-step process by removing a state court case directly to the district (different from the district where the state court is located) where the bankruptcy case is pending.

The courts are divided as to whether removal to an improper district constitutes a

---

[4] Rule 9001(3) provides that the term "clerk", where used in the rules, means "bankruptcy clerk." Thus, the proper place to file a notice of removal to a bankruptcy court is the bankruptcy clerk for the division of the federal judicial district in which the state court is located.

3

jurisdictional problem or a procedural problem. If the issue is jurisdictional, the federal court must dismiss the case entirely. However, if the issue is procedural, the federal court may either hear the case or remand it.[5] There is no controlling Ninth Circuit decision on this issue.

The majority view is that removal to the wrong federal court is a venue problem, not a jurisdictional problem. For example, in *Peterson v. BMI Refractories*, 124 F.3d 1386, 1388 (11th Cir. 1997), the court held that, "failure to comply with the geographic requirements of 28 U.S.C. § 1441(a) [the general federal removal statute] is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case."[6]

Similarly, in *Cambridge Co. v. Cotton (In re Trafficwatch)*, 138 B.R. 841 (Bankr. E.D. Tex. 1992), the bankruptcy court found that removal from a state court located in the Northern District of Texas to a bankruptcy court in the Eastern District was a defect of venue, not jurisdiction.

In contrast, in *Furr v. Barnett Bank, (In re S & K Air Power, Inc.)*, 166 B.R. 193, 195 (Bankr. S.D. Fla. 1994), the bankruptcy court held that removal to the Southern District of Florida from a state court located in the Middle District of Florida was improper, and that it had no jurisdiction over the case. In deciding this case, the court followed the prior Eleventh Circuit case, *National Developers, Inc. v. CIBA-Geigy (In re National Developers, Inc.)*, 803 F.2d 616 (11th Cir. 1986), where court held that removal from a state court in New York to the Middle District of Alabama was improper because it violated the removal procedure of 28 U.S.C. 1478(a), the predecessor to § 1452.[7] *Id.* at 620. Although the court noted that direct removal to the court where the bankruptcy case was pending would be a more efficient procedure, this procedure was not permitted by the statute. *Id.* However, in *Peterson* the Eleventh Circuit held that *National Developers* was confined to its particular facts, which presumably included that it was based on a subsequently repealed statute. Thus it appears that *S & K Air Power* is no longer good law.

This court finds *Traffic Watch* and *Peterson* persuasive. Removal of a state court proceeding to a bankruptcy court in a district other than the district in which the state court is located is a defect of venue and not jurisdiction. Accordingly, this court has jurisdiction to decide whether to hear the removed case or to remand it to state court.

### D. Court's Authority to Remand *Sua Sponte*

A bankruptcy court's power to remand is governed by 28 U.S.C. § 1452(b), which provides in relevant part:

> The court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

Given this broad grant of discretion, "a federal bankruptcy court [generally] does not have to rely upon a motion by any party to remand a case. Instead the court can consider, upon its own motion, its jurisdiction over the subject matter and whether to remand the matter to state court." *Texas Gulf Trawling Co. v. RCA Trawlers & Supply, Inc. (In re Ciclon Negro, Inc.)*, 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001). In *Ciclon Negro*, both parties argued that the bankruptcy court lacked authority to remand *sua sponte* on procedural grounds after the mandatory

---

[5] Remand is the proper procedure for a case that is improperly removed to federal court. See, e.g., *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (construing 28 U.S.C. § 1447 (the statute governing removal to a federal district court)).

[6] *Peterson* involved a civil rights case removed from the Middle District of Alabama to the district court in the Northern District.

[7] 28 U.S.C.A. § 1478, the governing removal statute prior to 1984 when § 1452 was adopted, provided "[a] party may remove any claim or cause of action in a civil action . . . to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action." *Id.*

4

thirty-day expiration period. *Id.* The court noted, however, that the "decision whether to remand is not based on a procedural defect, so the thirty-day restriction against the court's ability to raise the issue *sua sponte* does not apply." *Id.* Instead, the court's inquiry focused on whether the court *should*, upon its own motion, remand the adversary proceeding to state court on equitable grounds under § 1452(b).

To evaluate whether to remand, the court in *Ciclon Negro* considered the following factors: (1) the convenience of the forum; (2) the presence of non-debtor parties; (3) whether the case should be tried as a whole in state court; (4) the duplicative and uneconomic effect of judicial resources in two forums; (5) the lessened possibility of inconsistent results; (6) whether the state court would be better able to handle issues of State law; (7) the expertise of the Bankruptcy Court; (8) the degree of relatedness or remoteness to the main bankruptcy case; (9) prejudice to involuntarily removed parties; (10) whether the case involves forum shopping; (11) the burden on the Bankruptcy Court's docket; and (12) considerations of comity. *Id* at 837.[8] After reviewing the evidence and the arguments of counsel as well as the pleadings on file, the court concluded that "the equities of the lawsuit supported remand under § 1452(b)." *Id.*

Here, the facts of the instant case clearly warrant *sua sponte* remand under § 1452(b). Bisno filed his bankruptcy case in this court on the last day of plaintiff's case in chief after the completion of seven weeks of an eight-week jury trial. Thus, it can be inferred that the filing was made in bad faith and was intended to disrupt the ongoing civil trial. In addition, there are parties in the state court proceeding who would not otherwise need to come before this court and who could face substantial hardship if required to appear. Finally, the relief sought by the plaintiffs in the state court proceeding is simply to obtain a judgment liquidating Bisno's debt. Enforcement of that judgment must be accomplished in this court.

Given these circumstances and the court's concern for judicial economy, there is compelling evidence to remand this adversary proceeding to the Alameda County Superior Court so that the state court proceeding may be completed.

Dated: May 28, 2010

MAY 28 2010

_____
Hon. Samuel L. Bufford
United States Bankruptcy Judge

---

[8] The factors that the court cited in *Ciclon* are not mandatory, but illustrate what the court may consider in deciding to remand an adversary proceeding to state court.

5

**NOTE TO USERS OF THIS FORM**:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **OPINION ON REMAND TO STATE COURT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of May 28, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

| | |
|---|---|
| David L. Hahn, Esq. | trustee@hahnfife.com, dhahn@ecf.epiqsystems.com |
| Autumn D. Spaeth, Esq. | aspaeth@wgllp.com |
| United States Trustee | ustpregion16.la.ecf@usdoj.gov |
| Dare Law, Esq. | dare.law@usdoj.gov |
| Russell Clementson, Esq. | Russell.clementson@usdoj.gov |
| Mette H. Kurth, Esq. | kurth.mette@arentfox.com |

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Robert Henry Bisno
66 Beverly Park
Beverly Hills, California 90210

Robert Henry Bisno
9255 Sunset Boulevard
Suite 920
Los Angeles, California 90067

Robert J. Kahn, Esq.
Law Offices of Robert J. Kahn
2033 North Main Street, Suite 363
Walnut Creek, California 94596-3726

William S. Berland, Esq.
Ferguson & Berland
1816 Fifth Street
Berkeley, California 94710

Charles Evans Patterson, II, Esq.
1640 School Street
Suite 100
Moraga, California 94550

Gregory P. Regier, Esq.
Larry Resnick, Esq.
Jackson, DeMarco, Tidus & Peckenpaugh
2815 Townsgate Road, Suite 200
Westlake Village, California 91361

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):